UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.   Case No.: 8:07-Cr-382-T-24

**JESUS JIMINEZ**
_____/

O R D E R

Before the Court is Defendant's motion styled "Motion to Vacate Sentence" (D-138).

Defendant was convicted of various charges concerning the manufacture and distribution of marijuana and marijuana plants. On July 16 2008, the Court sentenced Defendant to a term of imprisonment of 60 months. Defendant appealed. On April 7, 2009, the Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence. United States v. Jiminez, 564 F.3d 1280 (11th Cir. 2009). Defendant filed a second appeal on October 21, 2010. On January 5, 2011, the Eleventh Circuit found Defendant's appeal was barred by the doctrine of res judicata and frivolous on its face. It therefore dismissed the appeal as frivolous.

On June 9, 2011, Defendant filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.

§ 2255. On June 29, 2011, the Court dismissed the § 2255 motion as untimely. The Court denied Defendant's motion for reconsideration. On January 13, 2012, the Eleventh Circuit found that this Court correctly determined Defendant's § 2255 to be untimely and correctly denied the motion for reconsideration. The Eleventh Circuit therefore denied a certificate of appealability.

Defendant now returns seeking to vacate his sentence based upon Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376 (2012). Because Defendant is challenging his sentence, the Court construes the motion as one brought under 28 U.S.C. § 2255. As indicated above, Defendant previously filed an untimely § 2255 motion seeking to vacate his sentence. A federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Defendant has not demonstrated that he has met the foregoing requirement. Thus, the Court lacks jurisdiction to consider Defendant's motion.

It is therefore ORDERED that:

(1) Defendant's motion styled "Motion to Vacate Sentence" (D-138) is DISMISSED for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4

3

(1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

DONE AND ORDERED at Tampa, Florida this _30th_ day of May, 2012

                                                                                        _____
                                                                                        WILLIAM J. CASTAGNA
                                                                                        SENIOR UNITED STATES DISTRICT JUDGE